**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-1513**

---

SERGIO AREVALO; ROBERT IVERSON, III; THOMAS
OHRBECK; JOHN PAGANO; PRICE J. POLYNICE,

                                        Plaintiffs - Appellants,

        versus

HARRIS HERMAN; MARCO POSSATI,

                                        Defendants - Appellees,

        and

KIMBERLY ERRICO,

                                        Defendant.

---

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Dennis W. Dohnal, Magistrate
Judge.  (CA-01-512)

---

Argued:  February 25, 2003          Decided:  April 19, 2005

---

Before GREGORY and SHEDD, Circuit Judges, and C. Arlen BEAM, Senior
Circuit Judge of the United States Court of Appeals for the Eighth
Circuit, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

**ARGUED:** Marie Dempsey Carter, MARIE D. CARTER, P.L.C., Richmond,
Virginia, for Appellants.  Samuel M. Brock, III, SPILMAN, THOMAS &
BATTLE, P.L.L.C., Charleston, West Virginia, for Appellees.  **ON
BRIEF:** James S. Crockett, Jr., TROUTMAN SANDERS, L.L.P., Richmond,
Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Former employees of the now defunct Sky Trek International Airlines, Inc. ("Sky Trek") allege that President and Chief Executive Officer Harris Herman ("Herman") and Chairman of the Board of Directors Marco Possati ("Possati") violated the Employee Retirement Income Security Act ("ERISA") by failing to pay medical claims incurred by the employees before the bankruptcy trustee terminated the company's benefit plan. The district court[1] granted Herman and Possati's motion for summary judgment, and the employees appeal. We affirm.

I.

Sky Trek provided its current and former employees a self-funded medical benefit plan that was designed to operate independently from the company. The employees and the company both advanced funds to the plan. Current employees made payments to the fund through payroll deductions and former employees contributed through direct payments to a third-party administrator ("TPA"). Medical claims were not processed by the plan itself, but rather by the TPA.[2] The TPA determined which claims to pay and then paid the

---

[1]The Honorable Dennis W. Dohnal, United States Magistrate Judge for the Eastern District of Virginia, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c)(1).

[2]The New England Financial Employee Benefits Group processed claims for current employees and the COBRA Company of Virginia processed claims for former employees.

claims. Sky Trek maintained a bank account to which the TPA had access for reimbursement of claim costs and administrative expenses.

On May 12, 2000, Sky Trek filed for reorganization under Chapter 11 of the Bankruptcy Act. 11 U.S.C. §§ 1101-1174. This reorganization was subsequently converted to a Chapter 7 liquidation on June 22, 2000. 11 U.S.C. §§ 701-766. The bankruptcy court refused to allow Sky Trek to pay medical claims incurred by employees before the initial bankruptcy petition was filed, and the bankruptcy trustee terminated the plan.

Several employees sued Possati and Herman for failing to pay pre-petition medical claims, asserting that they were personally liable for breaching their fiduciary duty, under ERISA, to the plan and the plan participants. Herman and Possati responded that they were not fiduciaries. In granting Herman and Possati's motion for summary judgment, the district court determined that the company officials were not fiduciaries, and that even if they were, they did not breach any duties. The employees appeal and seek a judgment requiring payment of their individual medical claims.[3]

---

[3]Specifically, the employees seek "declaratory relief to establish that . . . Possati and Herman are personally liable, jointly and severally, for the losses that resulted from their fiduciary breaches as well as judgment providing for individual recovery from them, including pre-judgment interest, attorney's fees, costs, [and] other reasonable costs incurred as provided for by ERISA." Arevalo v. Herman, No. 3:01CV512, slip op. at 1-2 (E.D. Va. April 12, 2002).

4

II.

We review de novo the district court's decision to grant Herman and Possati's motion for summary judgment. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir. 1988). We view the evidence in the light most favorable to the nonmoving party. Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002).

A.

Section 1002(21)(A) of ERISA defines fiduciary:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). "[T]he inclusion of the phrase 'to the extent' in § 1002(21)(A) means that a party is a fiduciary only as to the activities which bring the person within the definition. . . . [A] court must ask whether a person is a fiduciary with respect to the particular activity at issue." Coleman v. Nationwide Life Ins. Co., 969 F.2d 54, 61 (4th Cir. 1992). The employees argue that Herman and Possati exercised the necessary discretion and control over the plan to be personally liable for the unpaid claims. Specifically, they claim that since Herman and Possati were Sky Trek officials they "knew (or should

5

have known) that when the company filed for bankruptcy protection the Plan participants would not have coverage for medical claims incurred pre-petition."[4] Appellants' Brief at 15. According to the employees, Herman and Possati had a fiduciary duty to inform the plan participants, pre-petition, that the bankruptcy filing would prevent Sky Trek from funding the plan. They offer neither plan language nor persuasive precedent within or without the Bankruptcy Act or ERISA in support of this purported early notice requirement.

Herman and Possati stated, and the district court concurred, that under the facts of this case they "had no involvement with the design, implementation, or operation of the Plan." Arevalo v. Herman, No. 3:01CV512, slip op. at 3 (E.D. Va. April 12, 2002). We also agree. Even if it is true that Herman and Possati, pre-petition, had a fiduciary duty toward the employees and the requisite control and discretion over the plan, they clearly lost that control and discretion once Sky Trek's Chapter 11 reorganization was converted to a Chapter 7 liquidation and the bankruptcy trustee took over sole control of Sky Trek. And, on May 19, 2000, while in Chapter 11, Sky Trek filed an application with the bankruptcy court seeking to continue to fund the plan for pre-

---

[4]While Sky Trek was operating under Chapter 11 protection, this is almost certainly an incorrect premise. It is also likely that the bankruptcy court had the authority to approve at least some pre-petition medical claims in the Chapter 7 proceeding, but it chose not to do so.

petition claims, but the court denied the application on May 23, 2000.[5]  Thus, Herman and Possati did not breach a fiduciary duty by failing to pay the claims.  They had no means or authority to do so after Sky Trek's bankruptcy began.

### B.

The employees attempt to establish that Herman and Possati were also fiduciaries of the plan under 29 U.S.C. § 1002(21)(A)(i) because of their authority over the plan assets, namely the employee contributions.  The employees claim that their contributions to the plan were assets over which Herman and Possati exercised discretionary control, and that Herman and Possati breached their fiduciary duty to properly manage those assets.[6] Herman and Possati counter that although employee and employer contributions were transferred to the plan account, the bankruptcy trustee prohibited the payment of the claims and terminated the plan.  Any contributions made after the Chapter 7 bankruptcy filing did not become plan assets, according to Herman and Possati, because those funds were remitted directly to the bankruptcy trustee.

---

[5]Even after the court refused to cover pre-petition claims, Sky Trek transferred $59,484.21 to the TPA account on May 23, 2000, and the TPA credited $16,346.69 back to Sky Trek on May 31, 2000.

[6]The employees seem to argue that Herman and Possati breached their fiduciary duty to properly manage the plan assets by failing to use them to pay the outstanding medical claims.

The Department of Labor, the agency responsible for enforcing ERISA, has defined "plan assets" as follows:

> [T]he assets of the plan include amounts . . . that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution to the plan as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets.

29 C.F.R. § 2510.3-102(a).[7] The employee contributions fall under this definition of plan assets because the funds were segregated from Sky Trek's general assets.[8] Herman and Possati were fiduciaries of the plan, to the extent they exercised any authority over the disposition of the plan assets. However, they did not breach their fiduciary duty by failing to pay the employees' medical claims because they were no longer in control of the plan assets. The bankruptcy court or the trustee made the decisions regarding payment of pre-petition medical claims, not the company officials.

---

[7]"[I]n no event shall the date determined pursuant to paragraph (a) of this section occur later than 90 days from the date on which the participant contribution amounts are received by the employer (in the case of amounts that a participant or beneficiary pays to an employer) or the date on which such amounts would otherwise have been payable to the participant in cash (in the case of amounts withheld by an employer from a participant's wages)." 29 C.F.R. § 2510.3-102(c).

[8]One employee, John Pagano, made a contribution to the plan after the bankruptcy court denied Sky Trek's application to pay pre-petition claims. This contribution was remitted directly to the bankruptcy trustee. Therefore, this contribution did not become an asset of the plan.

The employees brought suit under sections 1132(a)(2) and 1132(a)(3) of ERISA. These sections indicate who may bring a civil action under the Act.

> (a) A civil action may be brought . . . (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title; (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132 (a)(2)-(3). Section 1132(a)(2) allows a participant in a plan to bring a civil action for breach of fiduciary duty, with the fiduciary being personally liable for the breach.[9] Section 1132(a)(3) permits a participant to seek equitable relief for violations of the terms of the plan. In their complaint, the employees sought equitable restitution for their unpaid medical claims from Herman and Possati personally.

The Supreme Court has limited the relief available under section 1132(a)(3) to equitable relief "typically available" in a court of equity. Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002) ("[P]etitioners seek, in essence, to impose personal liability on respondents for a contractual

---

[9]Section 1109 provides that a person who breaches his fiduciary duty "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, . . . and shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a).

obligation to pay money--relief that was not typically available in equity."). Additionally, "for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." Id. at 214. The employees seek to impose personal liability on Herman and Possati for the unpaid medical claims, a goal prohibited by Great-West Life. Even if they were not seeking to impose personal liability on the company officials, the employees could not proceed under section 1132(a)(3) because neither Herman nor Possati have Sky Trek funds in their possession to pay the pre-petition claims. The bankruptcy trustee is and has been in sole control of Sky Trek money and property.

The only possible remedy available to the employees under ERISA is set forth in section 1132(a)(2). To proceed under this section, the employees must seek to benefit the plan as a whole, rather than to seek payment of their individual claims. See Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 142 (1985) ("A fair contextual reading of the statute makes it abundantly clear that its draftsmen were primarily concerned with the possible misuse of plan assets, and with remedies that would protect the entire plan, rather than with the rights of an individual beneficiary."). Since the relief the employees seek is

10

payment of their individual medical claims, section 1132(a)(2) affords them no relief.

### III.

The district court appropriately granted the motion for summary judgment. We affirm.

AFFIRMED